UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN EDWARD BARNHOUSE,

        Petitioner,

   v.

STATE OF WASHINGTON,

        Respondent.

CASE NO. C14-5488 BHS-JRC

ORDER TO SHOW CAUSE AND AMEND THE PETITION

    The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The District Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Local Magistrate Judge Rules MJR3 and MJR4. Petitioner is seeking relief from a state conviction and sentence. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

    Petitioner paid the filing fee on September 2, 2014, and the Clerk's Office filed the petition (Dkt. 4 and 5). The Court reviewed the petition and finds several defects. Petitioner does not inform the Court when the Washington State Supreme Court denied his final state

petition (Dkt. 5, p. 3). Petitioner's conviction is from 1997 and the Court needs to determine if the petition is timely.  28 U.S.C. § 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>   (A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>   (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner needs to file a new petition and provide this information. Petitioner also names the State of Washington as respondent. The proper respondent is "the person having custody of the person detained." 28 U.S.C. § 2243. Petitioner needs to name a natural person -- not a governmental entity. This person is usually the superintendent of the facility in which petitioner is incarcerated. Petitioner's failure to name the correct party deprives this Court of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

Finally, petitioner provides a San Francisco return address.  Petitioner must be "in custody" or subject to "future custody" at the time the petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  This requirement is jurisdictional. Examples of restraint on liberty that satisfy this requirement, beyond physical imprisonment, include: on parole; on probation; sentenced to community service or rehabilitation program; release on personal recognizance pending execution of a prison sentence; an alien seeking entry into the United States; challenging induction into military service. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (conditions of parole order satisfied "in custody" requirement); *see also Williamson v. Gregoire*, 151 F.3d 1180

1   (9th Cir. 1998) (sex offender registration requirement did not satisfy "in custody" requirement

2   for habeas corpus petition).

3       If a petitioner is in custody at the time the petition is filed, jurisdiction attaches and

4   subsequent release does not generally moot the petition because of collateral consequences that

5   attach to a criminal conviction. *See Carafas v. La Vallee*, 391 U.S. 234, 237-38 (1968). There are

6   exceptions to this rule. Specifically, the petition is moot if there are no "collateral consequences"

7   from the challenged conviction, or no relief other than release was appropriate for the particular

8   claims raised. *Id*. Petitioner needs to inform the Court if he was in custody when he filed his

9   petition and inform the Court what relief he is seeking and why he believes he is entitled to that

10  relief.

11      The Court orders that petitioner must submit an amended petition curing these defect on

12  or before October 17, 2014.  Failure to file an amended petition or failure to cure the defects the

13  Court has noted will result in a Report and Recommendation that this petition be dismissed.

14      Dated this 4th day of September, 2014.

                                           J. Richard Creatura
                                           United States Magistrate Judge