UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN EDWARD BARNHOUSE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF WASHINGTON,<br><br>　　　　　　Respondent. | CASE NO. C14-5488 BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>JANUARY 30, 2015 |

　　　　The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The District Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from an expired state conviction (Dkt. 9, amended petition). Petitioner filed his petition pursuant to 28 U.S.C. § 2254, but he is not in custody (*id*.). Petitioner states that he is homeless and living in his car (Dkt. 9, p. 8).

　　　　The Court recommends dismissal of this petition because petitioner has failed to name a proper respondent, and because he is not in custody for the purposes of habeas corpus.

REPORT AND RECOMMENDATION - 1

1  On June 19, 2014, petitioner filed a proposed petition (Dkt. 1). The Court ordered
2  petitioner to show cause as to why the petition should not be dismissed because petitioner was
3  not in custody (Dkt. 6). The Court informed petitioner specifically that sex offender registration
4  requirements does not satisfy the in custody requirement (Dkt. 6 pp. 2-3, *citing Williamson v.*
5  *Gregoire*, 151 F.3d 1180 (9th Cir. 1988). The Court also noted that petitioner appeared to be
6  challenging a 1997 conviction and informed petitioner of the one year statute of limitations for
7  filing a habeas corpus action (Dkt. 6, p. 2).

8  Finally, the Court also informed petitioner that the State of Washington was not a proper
9  respondent (*id*.). Petitioner filed his amended petition on December 29, 2014 (Dkt. 9).
10 Petitioner again names only the State of Washington as a respondent (Dkt. 9). The only restraint
11 that petitioner complains of is sex registration (*id*. at p. 2). Further, he admits that he is trying to
12 challenge a 1996 conviction that expired in 2010 (*id*.).

13                                   DISCUSSION

14  A.   Naming a proper respondent.

15  Petitioner names the State of Washington as respondent. The proper respondent is "the
16 person having custody of the person detained." 28 U.S.C. § 2243. Petitioner needs to name a
17 natural person -- not a governmental entity. This person is usually the superintendent of the
18 facility in which petitioner is incarcerated. Petitioner's failure to name the correct party deprives
19 this Court of personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360
20 (9th Cir. 1994). Petitioner's failure to name a proper respondent deprives the Court of *in*
21 *personam* jurisdiction. The Court recommends dismissal of this petition and denying petitioner a
22 certificate of appeal.

23  B.   The in custody requirement.

24

A petitioner must be "in custody" or subject to "future custody" at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). The in custody requirement is jurisdictional. Examples of restraint on liberty that satisfy this requirement, beyond physical imprisonment, include being: on parole; on probation; sentenced to community service or rehabilitation program; release on personal recognizance pending execution of a prison sentence; an alien seeking entry into the United States; challenging induction into military service. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (conditions of parole order satisfied "in custody" requirement); *see also Williamson v. Gregoire*, 151 F.3d 1180 (9th Cir. 1998) (sex offender registration requirement did not satisfy "in custody" requirement for habeas corpus petition).

The only restraint petitioner alleges in his amended petition is sex offender registration (Dkt. 9). As noted above, sex offender registration does not meet the in custody requirement for the purpose of habeas corpus. The Court recommends dismissal of this petition and denying petitioner a certificate of appeal.

## CERTIFICATE OF APPEAL

Petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

1  (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a
2  certificate of appealability with respect to this petition.
3        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
5  6. Failure to file objections will result in a waiver of those objections for purposes of de novo
6  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
7  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
8  January 30, 2015, as noted in the caption.
9        Dated this 5th day of January, 2015.

                                    J. Richard Creatura
                                    United States Magistrate Judge